UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA PAUL,

    Plaintiff,

v.

Case No: 2:16-cv-784-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Patricia Paul seeks judicial review of the denial of her claim for disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the decision of the Commissioner is **REVERSED** and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.[1]

I.     Issues on Appeal[2]

Plaintiff raises two issues on appeal: (a) whether the administrative law judge ("ALJ") properly considered Plaintiff's Department of Veteran's Affairs ("VA")

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 19, 20.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

disability rating; and (b) whether the ALJ properly assessed Plaintiff's credibility.

## II. Summary of the ALJ's Decision

On June 2, 2016, the ALJ issued a decision finding Plaintiff not disabled from December 1, 2013, the alleged onset of disability, through the date of the decision. Tr. 27. At step one, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018, and had not engaged in substantial gainful activity since December 1, 2013. Tr. 18. At step two, the ALJ determined that Plaintiff had the following severe impairments:

> [i]nflammatory arthritis, multiple sclerosis with a history of left eye optic atrophy and optic neuritis, degenerative disc disease and facet arthritis of the cervical spine, degenerative disc disease of the lumbar spine, obesity, osteoarthritis of the knees with history of effusion, fibromyalgia syndrome with chronic pain, depressive disorder, mood disorder, adjustment disorder, post-traumatic stress disorder, unspecified trauma and stress-related disorder, anxiety with a history of panic attacks, eating disorder, and cannabis abuse.

*Id.* At step three, the ALJ concluded that Plaintiff did not have "an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ then determined that Plaintiff had the RFC to perform light work[3] with the following

---

[3] The regulations define light work as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

limitations:

> [Plaintiff] can lift, push, pull and carry twenty pounds occasionally and ten pounds on a frequent basis. In addition, [Plaintiff] can sit for six hours during each eight-hour workday and stand and walk, in combination, six hours during each eight-hour workday. However, at one time, [Plaintiff] can only walk for 30 minutes, stand for 30 minutes, and sit for 30 minutes. Although [Plaintiff] is precluded from climbing ladders, ropes, stairs, and scaffolds, she can occasionally climb ramps. Similarly, [Plaintiff] is limited to occasional stooping and can not perform repetitive stooping below the waist. She can never engage in kneeling, crouching, and crawling. [Plaintiff] is also precluded from overhead reaching. [Plaintiff] can frequently engage in handling and fingering. She is precluded from commercial driving. She must have no exposure to unprotected heights and dangerous machinery. [Plaintiff] is limited to simple, routine, and repetitive work that require[s] no more than occasional interaction with the public and with co-workers. [Plaintiff] is limited to work that allows her to be off-task ten percent of the workday in addition to regularly scheduled breaks.

Tr. 22. Next, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 25. Considering Plaintiff's age, education, work experience and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and therefore concluded she was not disabled. Tr. 26-27.

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §

---

20 C.F.R. §§ 404.1567(b), 416.967(b).

405(g).[4]  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing

---

[4] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments.  *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016).  The Court will apply rules and regulations in effect at the time of the ALJ's decision.  *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (declining to apply SSR 16-3p retroactively to the ALJ's decision); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV. **Discussion**

　　*a. Whether the ALJ properly considered Plaintiff's VA disability rating*

Plaintiff first argues that the ALJ did not give an adequate explanation for why she gave little weight to Plaintiff's VA disability rating. Doc. 12 at 15-20. The Commissioner responds that the ALJ properly discounted the VA's rating because the VA applies different standards than those applied by the Social Security Administration ("SSA"). Doc. 15 at 5-7. Upon consideration, the Court finds that the ALJ did not properly consider Plaintiff's VA disability rating.

The Social Security regulations provide that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner because it is not based on social security law. 20 C.F.R. § 404.1504. The Social Security Rulings, however, explain that such decisions and the evidence used to make them cannot be ignored, as they may provide insight into the claimant's impairments:

> [E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) . . . .

SSR 06-3p, 2006 WL 2329939, at *6-7. The law in this circuit supports this proposition, and the Eleventh Circuit also has held that the VA's disability rating is evidence that should be considered and given great weight. *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (quoting *Olson v. Schweiker*, 663 F.2d

593, 597 n.4 (5th Cir. 1981)); *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)[5] (noting that while a VA rating is "certainly not binding on the Secretary, [] it is evidence that should be considered and is entitled to great weight"). Since *Rodriguez*, the Fifth Circuit has further clarified the weight to be accorded VA disability decisions in *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001), explaining that while such evidence may not be entitled to "great weight" because of the differing criteria applied by the two agencies, "it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Id.* The court further explained:

> In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

*Id.* Courts in this district specifically have held that a statement to the effect that the VA applies different criteria to evaluate disability is not sufficient justification to accord reduced weight to a VA disability rating. *See, e.g. Hogard v. Sullivan*, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp.2d 1347, 1351 (M.D. Fla. 2010).

Here, the VA assigned the following disability ratings: 70% post-traumatic stress disorder ("PTSD"), 30% multiple sclerosis, 10% paralysis of the median nerve,

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

10% lumbosacral or cervical strain, 10% hiatal hernia, 10% labyrinthitis, 10% degenerative arthritis of the spine, 10% superficial scars, and 10% eczema.  Tr. 288.  A letter from the Department of Veteran's Affairs dated November 6, 2014 indicates that the combination of Plaintiff's symptoms cause impairment which is sufficiently severe to prohibit Plaintiff from securing or maintaining employment.  Tr. 259.  In a section regarding Dependents' Educational Assistance, the VA indicates that the disability is permanent in nature.  *Id.*

Treatment records from the VA show that Plaintiff was diagnosed with a depressive disorder and received treatment for depression from the VA beginning in October 2014.  Tr. 324.  Although there is evidence on the record to suggest that Plaintiff's symptoms showed some improvement with treatment (*see, e.g.* Tr. 373, 393, 706), as recently as January 28, 2016 Plaintiff was involuntarily admitted[6] to C.W. Bill Young VA Medical Center after telling Cecilia M. Sunnenburg, M.D., about "reckless behaviors," including standing outside during a tornado.  Tr. 438-39.  In addition, VA treatment records reveal a history of pain and swelling of the hands, elbows, knees, wrists, ankles, and feet (Tr. 259, 269, 290, 697-703) that eventually was diagnosed as seronegative rheumatoid arthritis.  Tr. 703.  Plaintiff also has a diagnosis of multiple sclerosis ("MS"), and on at least one occasion Plaintiff spoke to a VA neurologist about symptoms related to her MS, including cognitive slowing, lack

---

[6] Treatment notes for Plaintiff show that she was "admitted yesterday under BA52." Tr. 439.  This is a short-hand reference to the "Certificate of Professional Initiating Involuntary Examination," form 3052b, which is used to initiate an involuntary examination under Florida's Baker Act, Fla. Stat. § 394.467.  *See* Florida Dep't of Children and Families, Crisis Services – Baker Act Forms, MyFLFamilies, http://myflfamilies.com/service-programs/mental-health/baker-act-forms (last visited Jan 9, 2018).

of focus, severe fatigue, heat intolerance, gait imbalance, muscle spasms, and weakness in her limbs. Tr. 302-304

Despite this evidence, the ALJ acknowledged the VA's disability determination only once in her decision and discounted it with no justification other than a statement that the VA applies different standards than the SSA in evaluating disability. Tr. 23. Specifically, the ALJ stated:

> Consistent with her earlier representations before the Administration, [Plaintiff] testified that she completed a twenty-year career as a personnel specialist in the United States Air Force before being granted an honorable discharge due to unemployability secondary to her diverse impairments[.] The standards applied for adjudication as "unemployable" by the Department of Veteran's Affairs and for a service connected disability rating are different from the standards applied by the Social Security Administration and, thus, little weight is given the Department of Veterans's Affairs determination.

*Id.*

The Commissioner argues that the ALJ "gave great weight by seriously considering the VA's decision to grant Plaintiff an honorable discharge due to unemployability secondary to her diverse impairments." Doc. 15 at 6. The ALJ's opinion, however, does not support the Commissioner's assertion. Although the ALJ discussed some findings from VA medical records (Tr. 23-24), she did not analyze, discuss or even further mention the disability ratings. *See generally,* Tr. 23-24. Moreover, nowhere in her decision did the ALJ identify the actual disability ratings assigned by the VA or acknowledge that VA disability ratings are generally entitled to great weight. *See* Tr. 16-27.

This case is closely analogous to *Salamina*, where the ALJ "mentioned the Plaintiff's VA disability finding only in passing," without ever expressly identifying

the VA disability rating itself, or "acknowledging the weight to be afforded to such ratings." *See Salamina v. Colvin,* No. 8:12-cv-985-T-23TGW, 2013 WL 2352204, at *3-4 (M.D. Fla. May 29, 2013). In *Salamina*, the Commissioner argued that the ALJ accounted for the disability rating by affording weight to the opinions of non-examining consultants who discussed the VA rating. *Id.* at *3. The district court rejected this argument, noting that discussion of medical records from a VA decision is not a substitute "for consideration of the rating decision itself." *Id.* at *4 (citing *Williams v. Barnhart*, 180 F. App'x 902 (11th Cir. 2006)). Ultimately, the district court reversed the ALJ's decision, finding that the ALJ had erred in failing to evaluate the Plaintiff's 50% VA disability rating. *Id.* at *3, 4. Here, with a 70% disability rating for PTSD, 30% for multiple sclerosis, 10% for several other disorders, and a finding that Plaintiff essentially was permanently unemployable, the ALJ had an obligation to more closely scrutinize the records. Tr. 288; *see Salamina,* 2013 WL 2352204, at *3.

Because the ALJ provided no more than a statement that the VA applies different standards than the SSA to justify her decision to accord little weight to the VA's disability rating, the Court is unable to determine if the ALJ closely scrutinized the VA's disability rating, as required by *Rodriguez*. 640 F.2d at 686. Accordingly, reversal is warranted.

### b. *Whether the ALJ properly assessed Plaintiff's credibility*

Plaintiff also argues that the ALJ erred by improperly discounting Plaintiff's credibility and rejecting Plaintiff's subjective statements regarding her pain and

other symptoms. Doc. 12 at 20-23. Because this case must be remanded for proper consideration of Plaintiff's VA disability rating, the Court will direct the ALJ to re-evaluate Plaintiff's subjective statements regarding her pain and other symptoms.

V. Conclusion

Upon review of the record, the Court finds that the ALJ erred by not properly considering Plaintiff's VA disability rating.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

    a. employ the proper legal standard to properly evaluate the VA disability rating and assign great weight to the rating, or adequately explain the reasons for finding that the rating is entitled to reduced weight;

    b. reevaluate plaintiff's subjective statements regarding her pain and other symptoms; and

    c. make any further determinations consistent with this Opinion and Order, or in the interests of justice.

2. The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record